

**IN THE
TENTH COURT OF APPEALS**

———————

**No. 10-22-00273-CV**

**IN THE MATTER OF
I.M., A JUVENILE**

———————

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2022-80-J**

———————

## MEMORANDUM OPINION

———————

Appellant I.M., who was sixteen years of age at the time he allegedly committed the offenses for which he was arrested, appeals the trial court's order transferring his juvenile case to a criminal court. We will affirm.

### Background

The testimony at the transfer hearing reflects that I.M. shot his sister's boyfriend, the father of her children, three times. The boyfriend was unarmed, although he had a history of domestic violence and had allegedly previously physically assaulted I.M. Some of the shots fired by I.M. went into the victim's residence, shooting out a

television. I.M.'s sister and her two children, along with another woman, were in the residence when the shots were fired. The victim's residence was located on a mainly residential street, that also had a number of businesses close by.

Video surveillance reflected that the automobile in which I.M. was the front-seat passenger, maneuvered in front of the victim's residence so that the passenger side faced the front of the house where the victim was standing. After the shooting, the automobile, driven by I.M.'s girlfriend, drove quickly away. I.M. did not deny the offenses, but claimed he shot the victim in self-defense.

After I.M.'s arrest, the State filed a Petition for Discretionary Transfer to a Criminal Court, asserting that I.M. committed three offenses that would constitute felonies if committed by an adult: (1) aggravated assault while in a motor vehicle; (2) aggravated assault with a deadly weapon; and (3) deadly conduct.

After an evidentiary hearing, the juvenile court granted the State's petition and noted the following in its order of transfer:

> The Court finds that the Respondent is a male child . . . and that he was 16 years of age at the time of the acts upon which the Petition is founded and is alleged to have occurred. No adjudication hearing has been conducted concerning such acts. At the present time, the child is 16 years of age. . . .

> The Court finds that said acts would be a felony under the penal laws of the State of Texas if committed by an adult. The Court finds that the alleged offenses are against a person.

> The Court finds that there is probable cause to believe that the Respondent before the Court committed the offenses alleged and that

there is evidence upon which a Grand Jury may be expected to return an indictment regardless of the youthful age of the said [Respondent}.

The Court finds that the Respondent is of sufficient sophistication and maturity to be tried as an adult. The Court specifically finds that the Respondent is of sufficient sophistication and maturity to aid an attorney in his defense.

The Court finds that because of the record and previous history of the Respondent or because of the extreme and severe nature of the alleged offenses, the prospects of adequate protection for the public and the likelihood of reasonable rehabilitation of the Respondent by the use of the procedures, services, and facilities, which are currently available to the Juvenile Court, are in doubt.

The Court, after considering all of the evidence and exhibits, including law enforcement testimony, diagnostic studies, social evaluation, and full investigation, finds that it is contrary to the best interests of the public to retain jurisdiction.

The Court finds that, because of the seriousness of the alleged offenses or the background of the Respondent, the welfare of the community requires criminal proceedings. The reasons for this waiver of jurisdiction include the following:

1.  The nature of the alleged offenses show that they were committed in an aggressive and premeditated manner in that the offenses were committed with a weapon.

2.  At least one of the alleged offenses was against a person.

3.  Psychiatric evaluation has revealed that [Respondent] currently has the maturity to be tried as an adult and that he had such maturity at the time the offenses alleged were committed.

4.  Psychological evaluation has revealed that [Respondent] currently has the maturity to be tried as an adult and that he had such maturity at the time the offenses alleged were committed.

5.    No adjudication hearing has been conducted to this point concerning the alleged offenses referenced herein.

. . .

8.    The Court has considered all exhibits entered into evidence.

. . .

12.   The Court has considered the seriousness of the alleged offenses or the background of the Respondent and finds that, because of the seriousness of the alleged offenses, the welfare of the community requires that criminal proceedings proceed in criminal district court concerning the aforementioned alleged felony offenses and all criminal conduct occurring in said criminal episode.

I.M. then filed the present appeal.

## Issues

I.M. presents the following issues:

I.     Whether the order waiving jurisdiction lacks the case-specific findings of fact required under *Moon*.

II.    Whether there is legally insufficient evidence to support the transfer order.

III.   Whether there is factually insufficient evidence to support the transfer order.

IV.    Whether the trial court abused its discretion in granting the state's petition for discretionary transfer.

## Standard of Review

Texas juvenile courts have exclusive, original jurisdiction over cases involving children between the ages of ten and seventeen who are involved in what would be criminal conduct if committed by an adult. *See* TEX. FAM. CODE ANN. §§ 51.02(2)(a),

51.03(a)(1), 51.04(a).  The juvenile court may waive its jurisdiction and transfer a child to the district court for criminal proceedings if, after an evidentiary hearing, it determines that certain  statutory and constitutional requirements are met.  *Id*. § 54.02(a), (c); *see also Ex parte Thomas*, 623 S.W.3d 370, 372 (Tex. Crim. App. 2021).  The burden is on the State to persuade the juvenile court by a preponderance of the evidence that transfer of jurisdiction is appropriate.  *Matter of A.M.*, 577 S.W.3d 653, 658 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

We review a juvenile court's decision to waive its jurisdiction and to transfer a case to the criminal district court using two steps.  *Bell v. State*, 649 S.W.3d 867, 887 (Tex. App.—Houston [1st Dist.] 2022, pet. filed).[1]  We first review the juvenile court's findings using traditional standards for evidentiary review.  *Id*.  The juvenile court is the sole factfinder in a transfer hearing and may choose to believe or disbelieve any or all of the witnesses' testimony.  *See Grant v. State*, 313 S.W.3d 443, 444-45 (Tex. App.—Waco 2010, no pet.).  If the juvenile court's findings are supported by legally and factually sufficient evidence, we then review the juvenile court's ultimate waiver decision for an

---

[1] It is unclear whether this two-step analysis survives after *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), the seminal case in juvenile waiver proceedings, was overruled by *Ex parte Thomas*, 623 S.W.3d 370, 381 (Tex. Crim. App. 2021) (footnotes omitted) ("The Texas Supreme Court has not addressed the method of analysis and review of orders transferring jurisdiction in juvenile cases, but it is not bound by *Moon*. And decades of case law preceding *Moon* from this Court and our sister court alike remain as guidance for the appellate courts.").  We will, therefore, follow the established precedent of the Court of Criminal Appeals.  *See Matter of C.A.P.*, 582 S.W.3d 504, 508 n.1 (Tex. App.—Waco 2018, pet. denied) ("The Texas Supreme Court has not addressed the method of analysis and review as explained in *Moon*, therefore, our analysis will follow the established precedent of the Court of Criminal Appeals.").

abuse of discretion.  *Id*. at 445; *see also Matter of C.A.P.*, 582 S.W.3d at 511 (citing *Moon*, 451 S.W.3d at 44-45).

## Issue One

As noted, I.M. asserts that the trial court's order of transfer did not comply with the specificity requirements of *Moon*.  However, as noted, the Court of Criminal Appeals overruled *Moon* in *Ex parte Thomas*, 623 S.W.3d at 381.  While *Moon* required case-specific fact findings to support the reasons for a transfer of jurisdiction, *Thomas* clarified the specificity required:

> A juvenile transfer order entered after the required transfer hearing and complying with the statutory requirements constitutes a valid waiver of jurisdiction even if the transfer order does not contain factually-supported, case-specific findings.

*Id*. at 383.

As in *Thomas*, the juvenile court in this case conducted a transfer hearing, and the transfer order signed by the juvenile court complied with the statute by listing the reasons for the transfer.  *Id*.  I.M.'s first issue is overruled.

## Issues Two and Three

I.M. argues the evidence was legally and factually insufficient to support transfer.

AUTHORITY

The issue before the juvenile court is whether there is sufficient evidence to support a transfer to the criminal district court, not the ultimate guilt or innocence of

the juvenile. *See Matter of D.I.R.*, 650 S.W.3d 172, 179 (Tex. App.—El Paso 2021, no pet.);

*see also Grant*, 313 S.W.3d at 444.

> In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the juvenile court's findings and disregard contrary evidence unless a reasonable fact finder could not reject it. *In re B.M.*, [No. 01-18-00898-CV,] 2019 WL 1388561, at *7 [Tex. App.—Houston [1st Dist.] Mar. 28, 2019, no pet.) (mem. op.)]; *see also Faisst v. State*, 105 S.W.3d 8, 12 (Tex. App.—Tyler 2003, no pet.). If there is more than a scintilla of evidence to support the findings, then the evidence is legally sufficient. *In re B.M.*, 2019 WL 1388561, at *7; *see also Faisst*, 105 S.W.3d at 12. Under a factual-sufficiency review, we consider all the evidence presented to determine if the juvenile court's findings conflict with the great weight and preponderance of the evidence so as to be clearly wrong or unjust. *In re C.C.C.*, [No. 13-21-00371-CV,] 2022 WL 710143, at *8 [Tex. App.—Corpus Christi-Edinburg Mar. 10, 2022, no pet.) (mem. op.)]; *In re B.M.*, 2019 WL 1388561, at *7; *see also Faisst*, 105 S.W.3d at 12.

*Bell*, 649 S.W.3d at 887.

DISCUSSION

The undisputed evidence presented to the juvenile court established the following:

1. I.M. was age sixteen when the acts giving rise to his arrest occurred.

2. I.M. shot the victim three times, and the shots he fired also entered the victim's residence, said acts constituting felonies. The victim identified I.M. as the shooter, and the incident was captured on video.

3. The shots fired by I.M. entered the victim's residence and struck the screen of a television. A police lieutenant testified that the television was tuned to a children's show, and he believed that the victim's children had been watching the television

shortly before the shots were fired. Two other adults were also in the residence when the shots were fired. Another bullet was subsequently found in one of the bedrooms in the residence.

4. I.M. brought the weapon used to shoot the victim with him to the scene, and fired the shots from the front-seat of the vehicle in which he was a passenger.

Based upon the foregoing, there was legally and factually sufficient evidence for the juvenile court to determine there was probable cause to believe that I.M. committed the offenses alleged and that the seriousness of the offenses and the welfare of the community required criminal proceedings. TEX. FAM. CODE ANN. § 54.02(a)(3). We overrule I.M.'s second and third issues.

## Issue Four

I.M. argues that the juvenile court abused its discretion in ordering transfer because the only basis for the transfer was the seriousness of the offense. I.M. asserts transfer was unwarranted because he has no other juvenile history.

AUTHORITY

The juvenile court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Bell*, 649 S.W.3d at 887; *Matter of J.G.*, No. 10-14-00298-CV, 2015 WL 6437829, at *2 (Tex. App.—Waco Oct. 22, 2015, no pet.) (mem. op.). "By contrast, a waiver decision representing 'a reasonably principled application of the legislative criteria' generally will pass muster under the abuse-of-

discretion standard of review." *Bell*, 649 S.W.3d at 887 (quoting *In re Z.M.*, No. 02-21-00213-CV, 2021 WL 4898851, at *2 (Tex. App.—Fort Worth Oct. 21, 2021, no pet.) (mem. op.)). "An abuse of discretion does not occur when the juvenile court bases its decision on conflicting evidence." *Id.*

In determining whether a transfer is appropriate, the juvenile court should consider:

> (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
>
> (2) the sophistication and maturity of the child;
>
> (3) the record and previous history of the child; and
>
> (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Tex. Fam. Code Ann. § 54.02(f).

Any combination of the foregoing criteria may suffice to support a waiver of jurisdiction. *Matter of A.J.F.*, 588 S.W.3d 322, 330 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The juvenile court need not find that each factor is established by the evidence. *Matter of C.A.P.*, 582 S.W.3d at 508; *In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Discussion

As noted, the juvenile court specifically found that the offenses allegedly committed by I.M. were offenses against the person, which carry greater weight in the transfer determination than those against property. TEX. FAM. CODE ANN. § 54.02(f)(1). The juvenile court additionally found that I.M. "is of sufficient sophistication and maturity to be tried as an adult" and "is of sufficient sophistication and maturity to aid an attorney in his defense." *Id*. § 54.02(f)(2). Weighing these factors with the seriousness of the alleged offenses, the trial court did not abuse its discretion in determining that transfer was appropriate. We overrule I.M.'s fourth issue.

## Conclusion

Having overruled all issues raised by I.M., we affirm the juvenile court's Order of Transfer to a Criminal Court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed December 28, 2022
[CV06]

